**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS   DIVISION**

| | | |
|---|---|---|
| **WILLIAM LOPEZ GARCIA** | ) | |
| | ) | |
| **v.** | ) | **3-05-CV-2288-D** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Neal Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Amarillo, Texas, serving convictions for the offenses of aggravated robbery and attempted capital murder.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Pursuant to plea agreements Garcia pleaded guilty to the offense of aggravated robbery as charged in the indictment returned in Cause No. 27,445CR, and the offense of attempted capital murder as alleged in the indictment returned in Cause No. 27,446CR in the 40th District Court of Ellis County, Texas.  Concurrent 40-year terms of imprisonment were imposed. In accordance with the terms of the plea agreements Garcia waived his right to a direct appeal.  On

November 4, 2004, he filed separate applications for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, collaterally attacking his convictions.  On October 26, 2005, the Texas Court of Criminal Appeals denied his respective applications without written order on the findings of the trial court without a hearing.  Garcia in turn filed the present petition.  In response to this court's show cause order Respondent filed his answer together with copies of Garcia's prior state proceedings.

**Findings and Conclusions**: Garcia presents four separate grounds for relief in his federal petition attacking the representation of his court-appointed attorney at the time he entered his guilty pleas  and at his sentencing in these cases.  The grounds asserted are identical to those previously alleged in his art. 11.07 applications.  See Application No. 60,955-01 at 032-33; see also 038-48; Application No. 60,955-02 at 024-25; see also 030-40.[1]

Garcia's petition is governed by the standard of review set out in the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  Federal habeas corpus relief is available only if it is established that the state court's adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.  See § 2254(d)(1) and (2).  In addition the AEDPA requires that a federal habeas court apply a presumption of correctness to a State court's findings of fact. § 2254(e).

---

[1]Although Garcia filed a separate art. 11.07 application attacking each conviction, since he received concurrent 40-year sentences in the same state court proceeding, Rule 2(e) of the Rules Governing Section 2254 Cases permits him to collaterally attack both convictions in a single § 2254 petition.

The standard by which an attorney's conduct is measured is the two-prong test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).  Further, in the context of guilty pleas such as those involved in the present petition, application of the Strickland standard  is set out in Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985).  Specifically in order to establish the "prejudice" prong of the Strickland test a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  See also Craker v. McCotter, 805 F.2d 538, 541 (5th Cir. 1986).

After Garcia filed his state court application the trial court ordered his former attorney to respond to the grounds asserted.  See No. 60,955-01 at 61-62; No. 60,955-02 at 55-56.  On November 18, 2004, the attorney, Mark D. Griffith, filed identical affidavits with attached exhibits in each application responding in great detail to each of Garcia's grounds.[2]

On November 22, 2004, the state trial court made findings of fact and conclusions of law in each application.  See No. 60,955-01 at 66-68; No. 60,955-02 at 61-63.  Although the court made no findings with respect to the credibility to be afforded to Garcia's claims and affidavits and the statements in the affidavits of Mr. Griffith, the factual findings make clear that as between the conflicts in the submissions, the court decided the same consistent with the attorney's statements. In light of the presumption of correctness which applies to state court factual findings, relief in this

---

[2]The procedures applicable to an art. 11.07 collateral attack permit a state district court to resolve contested issues of fact by affidavits, by conducting an evidentiary hearing or by a combination of both.  Under the provisions of § 2254 which governed prior to enactment of the AEDPA, the Fifth Circuit found that resolution of fact issues in an art. 11.07 application on affidavits was permissible.  See e.g. Smith v. Estelle, 711 F.2d 677, 681 (5th Cir. 1983).  More recently the Fifth Circuit rejected the argument that a "full and fair hearing" was a prerequisite to the AEDPA's deferential framework.  Valdez v. Cockrell, 274 F.3d 941, 948-50 (5th Cir. 2001), reh. denied 287 F.3d 393, reh. en banc denied 288 F.3d 702, cert. denied 537 U.S. 883, 123 S.Ct. 106 (2002).

petition is foreclosed.[3]

**RECOMMENDATION**:

Petitioner has failed to satisfy the requirements of either § 2254(d)(1) or (2).  Therefore, his

petition should be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent

SIGNED this 23rd day of June, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

_____

[3]In Respondent's answer it is claimed that Garcia has presented unexhausted claims. Consideration of this argument is unnecessary since it is clear that a federal habeas court is authorized to deny relief on claims, even if unexhausted.  See § 2254(b)(2).